**Mohamed Ahmed AL MAHDI, Petitioner,**

v.

**John ASHCROFT \*, Attorney General, Respondents.**

**No. 00–70410.**

**I & NS No. A77–206–130.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2001 \*\*.

Decided Oct. 17, 2001.

Before BRUNETTI, RYMER, and WARDLAW, Circuit Judges.

MEMORANDUM \*\*\*

Petitioner Al Mahdi seeks review of a decision of the Board of Immigration Appeals ("BIA") denying his motion to remand his proceeding to an Immigration Judge in order to permit him to seek relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("Convention"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we vacate and remand.

I.

Al Mahdi, a native and citizen of Somalia, entered the United States on April 18,

---

\* John Ashcroft is substituted for his predecessor, Janet Reno, as Attorney General of the United States of America.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Federal Rules of Appellate Procedure 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1998. Al Mahdi applied for asylum and withholding of removal arguing that he has a well founded fear of persecution based upon his political opinion and his membership in a particular social group—the Midgan caste of people. The Immigration Judge held that Al Mahdi was not a credible witness. The judge found discrepancies and omissions in the record and held that Al Mahdi did not provide a convincing explanation for them. In addition, the Immigration Judge held that Al Mahdi failed to show that he suffered persecution on account of his political opinion or membership in a particular social group. The Immigration Judge ordered Al Mahdi to be deported to Somalia.

Al Mahdi appealed the Immigration Judge's decision to the BIA. The BIA refused to grant Al Mahdi an extension of time to file his brief because his new counsel failed to serve a copy of the request on opposing counsel. The BIA refused to accept the late-filed brief. On June 18, 1999, Al Mahdi filed a Motion to Remand in order to apply for relief under the Convention. The BIA dismissed Al Mahdi's appeal and denied his motion to remand. Al Mahdi then filed an appeal with this court.

## II

*Kamalthas v. INS*, 251 F.3d 1279 (9th Cir.2001), provides the standard for reviewing cases arising under the Convention. *Kamalthas* held that an alien who has been found ineligible for political asylum does not necessarily fail to qualify for relief under the Convention. This court stated that the BIA abuses its discretion when it addresses a Convention claim in "a minimalistic and non-detailed manner," and overrelies on its adverse credibility determination in the asylum context. *Id.* at 1283–84.

In denying Al Mahdi's motion to reopen under the Convention, the BIA noted that Al Mahdi's "claim for this relief mirrors the claim he had made for asylum and withholding or removal before the Immigration Judge" and that the Immigration Judge had found that respondent was not credible at his removal hearing. Therefore, the BIA held that "because the respondent's testimony with respect to his asylum claim was not credible, and the claim under the Convention Against Torture is based on the same events as the asylum claim," the BIA concluded that petitioner had failed to establish a prima facie case. We find that in ruling as it did, the BIA "has plainly overrelied on its prior adverse credibility finding," *id.* at 1284, and failed to consider evidence of the relevant country conditions in the record. *Id.* at 1280, 1283.

We recognize the high bar to obtaining relief under the Convention. However, after *Kamalthas*, the BIA cannot deny a motion to reopen by placing undue reliance on a prior adverse credibility finding and without giving weight to relevant country conditions. Accordingly, we vacate the Board's decision and remand for further proceedings consistent with this opinion.

VACATED and REMANDED.